UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chris Rowland )<br>)<br>Plaintiff, )<br>) Case No.<br>vs. )<br>)<br>Penn Credit Corporation aka )<br>Penn Credit Corporation II )<br>)<br>Defendants. ) | |

**COMPLAINT FILED BY PLAINTIFF OUT OF VIOLATIONS OF THE FAIR DEBT COLLECTION AND PRACTICES ACT PROVIDED BY SECTION 1692 OF TITLE 15**

NOW COMES, the above-named Plaintiff, individual consumer, by and through his attorney, Thomas W. Toolis of Jahnke, Sullivan & Toolis, LLC, and respectfully brings before the Court an action for actual and statutory damages against defendant First National Collection Bureau, Inc. in violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code.

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff Chris Rowland is a natural person who resides in the Village of Steger, County of Will, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Penn Credit Corporation also known as Penn Credit Corporation II is a collection agency operating from an address of 916 South 14th Street, Harrisburg, PA 17104, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or around September 2013, Plaintiff Chris Rowland purchased a motorcycle in Will County Illinois from the Seller, also a resident of the County of Will, while also being a resident of said Will County. The motor cycle is being used for personal purposes and not related to any business.

7. In order to register the vehicle in his own name, Chris Rowland paid the State of Illinois and County of Will sales taxes and transfer fees. A copy of the registration is attached as Exhibit A.

8. The money owed was a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, sales tax on a personal vehicle, in the approximate amount of $150.00.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from these Plaintiffs.

10. Upon information and belief, Penn Credit Corporation called the Plaintiff on his cell phone on October 28, 2014 at 2:30 pm using an automated dialer claiming that Cook County Sales tax and transfer fees are due on the purchase of the motorcycle. This statement is false, untrue and inaccurate.

11. Sales tax and transfer fees on motor vehicles are paid by the county of residence of the purchaser.

12. As the Seller and Purchaser both reside in Will County, no fees can be owed to Cook County.

*Summary*

13. All of the above-described collection communications made to credit bureaus by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2),

14. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy in addition, they have had to delay the purchase of a second home due to the increased interest rate caused by the false and negative information being reported to the credit bureau.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiffs.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant.

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

19. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

20. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Penn Credit Corporation, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

21. Under U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

22. Defendant, Penn Credit Corporation willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

23. Plaintiff is entitled to injunctive relief prohibiting Penn Credit Corporation., from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

- That this Court enter an award of statutory damages of $500.00 per phone call pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant Penn Credit Corporation, and for Plaintiff;

- That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Penn Credit Corporation and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 11, 2014

**Jahnke, Sullivan & Toolis, LLC**

By: **s/Thomas W. Toolis**
Thomas W. Toolis
Attorney I.D.#6270743
10075 West Lincoln Highway
Frankfort, Illinois 60423
Telephone: (708) 349-9333
Facsimile: (708)349-8333
twt@jtlawllc.com

**Attorney for Plaintiff**